USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
Trustees Of The New York City District Council Of :
Carpenters Pension Fund, et al. :
:
                                Plaintiffs, :      20-cv-1688 (LJL)
:
              -v- : MEMORANDUM AND
: ORDER
Building Maintenance Corp., :
:
                                Defendant. :
X
------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

      Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the Carpenter Contractor Alliance of Metropolitan New York; and New York City District Council of Carpenters (collectively, "Petitioners") petition this Court, pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to confirm an arbitral award entered against Respondent Building Maintenance Corp. ("Respondent"). (Dkt. 1) On September 28, 2019, an arbitrator rendered an award in favor of Petitioners and against Respondent finding that Respondent had violated the Union's Independent Building Construction Agreement to which Respondent was bound when it failed to permit an audit of Respondent's books and records and ordered Respondent to produce any and all books and records for the audit period July 11, 2013 to the date of the award. (Dkt. 1, Ex. G) The arbitrator further ordered Respondent to pay Petitioners the sum of $2400 consisting of court costs of $400, attorneys' fees of $1,500, and arbitrator's fees of $500. (Dkt. 1, Ex. G) The petition was served on Respondent on February 28,

2020. (Dkt. 7) Respondent's opposition was due on March 20, 2020. Respondent has failed to respond to the petition.

The Second Circuit has instructed that when a party has submitted an uncontested petition to confirm an arbitral award, the court should treat the petition and accompany records "as akin to a motion for summary judgment based on the movant's submissions." *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *New York City & Vicinity District Council of Carpenters v. J.M.R. Concrete Corp.*, 2018 WL 2078476 at *4 (E.D.N.Y. Feb. 26, 2018). The court must "'examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary material is presented.*'" *D.H. Blair*, 462 F.3d at 100 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks and citations omitted). The burden on a petition to confirm an award is not onerous. "The arbitrator's rationale for an award need not be explain, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991) (citation omitted).

The Court has examined the petition and the supporting materials as an unopposed motion for summary judgment. The Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185, and venue is proper pursuant to 29 U.S.C. § 185(c). Personal jurisdiction is properly alleged against Respondent, a business corporation incorporated under the laws of the State of New York, with its principal place of business in New York. Based on the material submitted by Petitioners and the applicable law, the Court concludes that there are no material

2

issues of fact and that Petitioners are entitled to confirmation of the award. In addition, Petitioners are entitled to attorneys' fees for time spent in collection efforts and post-judgment interest at the statutory rate. The uncontested evidence submitted by Petitioners is that counsel has $379 in attorney's fees and $70 in service fees in connection with the matter. (Dkt. 1, Ex. H)

Accordingly, it is hereby ORDERED that the Petition is granted, the underlying arbitration award is confirmed, and judgment is entered in favor of the Petitioners and against Respondent as follows:

1. Directing Respondent to comply with an audit covering July 11, 2013 through the present as awarded by the arbitrator;
2. Awarding Petitioners $2400 pursuant to the September 29, 2019 arbitration award;
3. Awarding Petitioners $70 in costs arising out of the collection efforts;
4. Awarding Petitioners $379 in attorney's fees for time spent in collection efforts;
5. Awarding Petitioners post-judgment interest at the statutory rate.

SO ORDERED.

Dated: March 31, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge